IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JEANETTE HARVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:24-cv-221 (RDA/IDD) |
| | ) |
| THE MITRE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment (Dkt. 28) ("Defendant's Motion") and Plaintiff's Motion for Partial Summary Judgment (Dkt. 31) ("Plaintiff's Motion"). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter is fully briefed and ripe for disposition. Considering Plaintiff's Complaint (Dkt. 1), Defendant's Memorandum in Support (Dkt. 29), Plaintiff's Memorandum in Support (Dkt. 32), Defendant's Opposition (Dkt. 36), Plaintiff's Opposition (Dkt. 37), Defendant's Reply (Dkt. 38), and Plaintiff's Reply (Dkt. 39), this Court DENIES both Motions for the reasons that follow.

### I. BACKGROUND

In this case, Plaintiff asserts a Title VII claim against Defendant, her former employer, based on Defendant's denial of her request for religious accommodation from its COVID-19 vaccination mandate. Dkt. 1. As described above, the parties have filed cross motions for summary judgment.

### II. LEGAL STANDARD

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

1

Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The party seeking summary judgment has the initial burden to show the absence of a material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The facts shall be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party.  *Anderson*, 477 U.S. at 255.  The standard of review does not change when ruling on cross-motions for summary judgment.  *E.I. DuPont De Nemours & Co. v. Ampthill Rayon Workers, Inc.*, 516 F. Supp. 2d 588, 593 (E.D. Va. 2007).  When faced with cross-motions for summary judgment, a court must review each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law."  *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (quotations omitted).

### III.  ANALYSIS

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's . . . religion."  42 U.S.C. § 2000e-2(a)(1).  The statute broadly defines religion as "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate . . . without undue hardship on the conduct of the employer's business."  42 U.S.C. § 2000e(j).  The regulations define religious practices to "include moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views."  29 C.F.R. § 1605.1 (2024).  "To qualify for Title VII protection, a plaintiff must show her professed belief is (1) sincerely held and (2) religious in nature."  *Barnett v. Inova Health Care Servs.*, 125 F.4th 465, 470 (4th Cir. 2025).

In their cross motions, the parties each argue that they are entitled to summary judgment in part based on their entitlement to summary judgment on whether Plaintiff had a sincerely held religious belief relating to Defendant's requirement that employees receive the COVID-19

2

vaccine. Dkt. 29 at 16 (Defendant's Memorandum in Support) ("No reasonable juror could find plaintiff had a sincerely held religious belief conflicting with COVID-19 vaccination." (cleaned up)); Dkt. 32 at 15 ("Plaintiff is entitled to summary judgment for religious discrimination because all evidence shows a sincere religious belief, proper notice to MITRE, and discrimination on the basis of that religious belief." (cleaned up)).

As the Fourth Circuit has recently confirmed in a similar COVID-19 vaccination case, "the inquiry into sincerity is 'almost exclusively a credibility assessment' and 'can rarely be determined on summary judgment . . . .'" *Barnett*, 125 F.4th at 470 (quoting *Kay v. Bemis*, 500 F.3d 1214, 1219 (10th Cir. 2007)). With this guidance in mind, upon separate review of the Motions, the Court finds that neither party has "show[n] that there is no genuine dispute as to any material fact" such that the party "is entitled to judgment as a matter of law" on whether Plaintiff had sincerely held religious beliefs. Fed. R. Civ. P. 56(a). The Court again notes that, in considering motions for summary judgment, it "must not weigh evidence or make credibility determinations." *Foster v. Univ. of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015).[1] Thus, neither party is entitled to summary judgment as to whether Plaintiff had sincerely held religious beliefs. Because all of the other arguments raised by the parties are inextricably intertwined with this core issue, the Motions will be denied.

Accordingly, it is hereby ORDERED that the parties' Joint Motion to Extend Deadline for Summary Judgment Motion (Dkt. 27) is GRANTED; and it is

FURTHER ORDERED that Defendant's Motion for Summary Judgment (Dkt. 28) is DENIED; and it is

---

[1] The Court notes that Plaintiff's history of prior medical decisions, particularly with respect to prior vaccinations, is not well-developed by either side.

FURTHER ORDERED that Plaintiff's Motion for Partial Summary Judgment (Dkt. 31) is DENIED; and it is

FURTHER ORDERED that, within THIRTY (30) DAYS of the issuance of this Memorandum Opinion and Order, the parties are DIRECTED to contact the chambers of U.S. Magistrate Judge Ivan D. Davis to schedule a settlement conference; and it is

FURTHER ORDERED that, within FOURTEEN (14) DAYS of the settlement conference with Judge Davis, the parties are DIRECTED to submit a Notice to the Court indicating whether: (i) the parties have settled the case; or (ii) the parties request a final pretrial conference to schedule a trial and an agreed upon Wednesday date on which to hold said final pretrial conference.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to all counsel of record.

It is SO ORDERED.

Alexandria, Virginia
August 19, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge